## EDWARD MOORE *vs.* PATRICK COUGHLIN.

The assignee of an account for goods sold cannot maintain an action thereon in his own name; and in an action brought upon such an account in the name of the vendor, who had sold and assigned the same to a third person, if it appears that the amount is justly due, the question whether the vendor has repurchased it is immaterial.

CONTRACT for goods sold and delivered by the plaintiff to the defendant. At the trial in the superior court, it was not denied that the defendant was indebted for the goods, but it appeared that the plaintiff had sold and assigned the account to Lester Filley, who had since died, and the plaintiff was allowed to

testify, under objection, that he repurchased the same of Mr. Filley in his lifetime. Thereupon by consent a verdict was taken for the plaintiff, and the case was reported, by *Rockwell*, J., for the determination of this court.

*J. Branning & J. E. Field*, for the plaintiff.

*M. Wilcox*, (*H. W. Bishop* with him,) for the defendant.

METCALF, J. No evidence was introduced or offered to prove that the defendant did not owe the account annexed to the writ. Filley, the plaintiff's assignee, had only an equitable interest in it. He was not an assignee under the insolvent laws, and could have sued the account only in the name of the plaintiff, who had the legal interest in it.

The question as to the transfer by Filley to the plaintiff of the interest in the account, was immaterial. Therefore, the question whether the plaintiff was a competent witness to prove the transfer was also immaterial. The plaintiff has the legal claim, and the suit is rightly brought in his name, whoever may be entitled to the avails of it. See *Wolcott* v. *Boston Faucet Co.* 9 Gray, 376.                    *Exceptions overruled.*